# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| EBRO REAL ESTATE HOLDINGS, LLC | ) The Honorable Eugene R. Wedoff |
| | ) |
| Debtor. | ) Case No. 09-10104 |
| | ) |
| | ) Hearing Date: August 25, 2009 at 9:30 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that on **August 25, 2009 at 9:30 a.m.**, we shall appear before the Honorable Eugene R. Wedoff, in the courtroom usually occupied by him in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other judge who may be sitting in his place and stead and then and there present the attached **MOTION OF BANK OF AMERICA FOR ENTRY OF AN ORDER TO MODIFY THE AUTOMATIC STAY OR, IN THE ALTERNATIVE TO CONVERT THE CASE**, a copy of which is attached and hereby served upon you.

Dated: August 18, 2009

Respectfully submitted,

**BANK OF AMERICA**

By: /s/ Morgan M. Smith
ROBERT D. NACHMAN (#6185804)
MORGAN M. SMITH (# 6287435)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
rnachman@dykema.com
mmsmith@dykema.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| EBRO REAL ESTATE HOLDINGS, LLC | ) The Honorable Eugene R. Wedoff |
| | ) |
| Debtor. | ) Case No. 09-10104 |
| | ) |
| | ) Hearing Date: August 25, 2009 at 9:30 a.m. |

**MOTION OF BANK OF AMERICA FOR ENTRY OF AN ORDER
TO MODIFY THE AUTOMATIC STAY OR, IN THE ALTERNATIVE,
TO CONVERT THE CASE**

Bank of America (the "Bank"), secured creditor of EBRO Real Estate Holdings, LLC (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Case"), presents this motion (the "Motion"), pursuant to sections 362(d) and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1017, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of (i) an order modifying the automatic stay to allow the Bank to exercise its state-law remedies with respect to certain real property of the Debtor in which the Bank holds a mortgage interest or, in the alternative, (ii) an order converting the Case. In support of the Motion, the Bank states as follows:

### Background

1. On March 24, 2009 (the "Petition Date"), the Debtor and EBRO Foods, Inc. ("EBRO Foods"), an entity that shares common ownership with the Debtor, filed separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No official committee of unsecured creditors or trustee has been appointed in the Case.

2. EBRO Foods operates a food canning and processing facility at the real property located at 1330 West 43rd Street, Chicago, Illinois 60609 (the "Property").

CHICAGO\2675956.6
ID\MMSM - 074925/02099

3. The Debtor owns the Property, and leases a portion thereof to EBRO Foods for operation of EBRO Food's business. The Debtor's summaries of cash receipts appear to indicate that EBRO Foods has paid only minimal postpetition rent to the Debtor under such lease, and the Debtor has made no effort to collect its full entitlement under said lease. According to the Debtor's Schedule G (Docket No. 11), the Debtor leases the remaining portion of the Property to non-related entities. From the Debtor's summaries of cash receipts, it appears that these entities have been paying rent on some basis. These rent payments have apparently been the source of payments made by the Debtor to the Bank for the months of May, June, and July.

4. The Bank, as successor by merger to LaSalle Bank National Association, made certain loans and financial accommodations to the Debtor to, *inter alia*, fund the Debtor's purchase of the Property pursuant to that certain Promissory Note in the amount of $2,450,000.00 dated as of August 31, 2005 (as amended and restated, the "Note"). A copy of the Note is attached hereto as Exhibit A.

5. As security for its obligations under the Note, the Debtor entered into (i) that certain Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated as of August 31, 2005 (the "Mortgage Agreement"), and (ii) that certain Assignment of Rents and Leases dated as of August 31, 2005 (the "Assignment of Rents"; together with the Mortgage Agreement, the "Loan Documents"). A copy of the Mortgage Agreement and the Assignment of Rents are attached hereto as Exhibit B and Exhibit C, respectfully.

6. The Bank perfected its interests under the Loan Documents by recording said documents with the Cook County Recorder of Deeds on September 7, 2005.

CHICAGO\2675956.6
ID\MMSM - 074925/02099

7.     Pursuant to the Mortgage Agreement and the Assignment of Rents, the Bank has a properly-perfected senior mortgage interest in the Property and any rents (the "Rents") collected by the Debtor with respect to the Property.

8.     As of the date hereof, the Debtor owes the Bank the approximate principal amount of $2,275,946.39, plus interest in the approximate amount of $227,829.96, and fees in the approximate amount of $21,706.76 (plus expenses, including attorneys' fees, the "Indebtedness") pursuant to the Note and the Loan Documents. The Indebtedness continues to increase at a per diem rate of approximately $469.67, plus additional attorneys' fees that may be incurred.

9.     The Cook County Treasurer, SomerCor 504, Inc. ("SomerCor"), the United States Small Business Administration (the "SBA"), the City of Chicago, and the Metropolitan Water Reclamation District of Greater Chicago (the "MWRD") may also claim an interest in the Property. The Cook County Treasurer's claim (the "Secured Tax Claim") is presumably based on unpaid taxes due on the Property.

10.     The value of the Property is unknown. The Debtor's Plan and Disclosure Statement, filed with the Court on July 13, 2009 ("Plan" and "Disclosure Statement", respectively), values the Property at $1,400,000.00.

11.     The Bank brings this Motion for several reasons. First, the Debtor has no equity in the Property, and judging from the Plan and Disclosure Statement, the Debtor cannot propose a confirmable plan of reorganization. Second, the Bank's interest in the Property is not adequately protected because the Secured Tax Claim continues to accrue interest, and real estate taxes continue to accrue, eroding the value of the Bank's mortgage. Finally, the Debtor has failed to obtain the requisite parties' consent to use cash collateral. As a result, the Debtor is

CHICAGO\2675956.6
ID\MMSM - 074925/02099

operating in violation of section 362(c) of the Bankruptcy Code. The Debtor has not collected significant rent from its sister company EBRO Foods, and such Rents could have been used to pay down the Indebtedness. The Debtor is, effectively, allowing EBRO Foods to use the Rents. The Bank does not consent to this unauthorized and inappropriate use of the Rents.

### Jurisdiction

12. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

13. By this Motion, the Bank respectfully requests that the Court enter (i) an order modifying the automatic stay to allow the Bank to exercise its state-law remedies with respect to the Property or, in the alternative, (ii) an order converting the Case.

### Basis For The Relief Requested

*Modification of the Automatic Stay*

14. Section 362(d) of the Bankruptcy Code provides the following bases for relief from the automatic stay:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section...
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have equity in such property; and

4

CHICAGO\2675956.6
ID\MMSM - 074925/02099


Case 09-10104    Doc 49    Filed 08/18/09    Entered 08/18/09 11:18:52    Desc Main
              Document      Page 6 of 11

Case 09-10104    Doc 61    Filed 08/18/09    Entered 08/31/09 11:59:45    Desc Main
              Document      Page 6 of 11

> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

*Relief from the Stay should be Granted Pursuant to Section 362(d)(2)*

15. Section 362(d)(2) provides that relief from the stay must be granted if (i) the Debtor lacks equity in the Property, and (ii) the Property is not necessary for an effective reorganization.

16. The Debtor had indicated through its Plan and Disclosure Statement that, contrary to its Schedule D, the Debtor believes the Property to be worth approximately $1,400,000. If this is true, the value of the Property is less than the Indebtedness, and there is no equity in the Property. Even if the Debtor is incorrect in its valuation, it is unlikely the value of the Property is greater than the sum of the Indebtedness, the sum due to SomerCor or the SBA, and the Secured Tax Claim[1]. Thus, the Debtor has no equity in the Property within the meaning of section 362(d)(2)(A) of the Bankruptcy Code.

17. The Debtor's prospects for reorganization are abysmal. The Property is underwater, and the Debtor's Plan does not have a chance of confirmation. The Supreme Court has held that for property to be necessary to an "effective reorganization", there "must be a reasonable possibility of a successful reorganization within a reasonable time...." *In re United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988). Under these circumstances, the Property is not necessary to an effective reorganization, because the Debtor cannot possibly confirm its Plan. Indeed, the Debtor's misuse of cash collateral, alone, may bar it from ever being able to successfully confirm a plan of reorganization. *Cothran*

---

[1] See the Debtor's Schedule D, valuing the total claims against the property at $4,952,925.60.

5

*v. U.S.*, 45 B.R. 836, 838 (S.D. Ga. 1984) (affirming bankruptcy court's holding that section 1129(a)(2) prevents confirmation of the debtors' plan because the debtors had spent proceeds from the sale of collateral without court permission). Accordingly, the Court should grant the Bank relief from the automatic stay with respect to the Property pursuant to section 362(d)(2) of the Bankruptcy Code.

### *Lack of Adequate Protection Constitutes "Cause" for Relief from the Stay*

18. In this Case, cause to modify the automatic stay with respect to the Property exists because the Bank's interest in the Property is not adequately protected. The Secured Tax Claim is presumably senior to the Bank's interest in the Property; therefore, the Debtor's continuing failure to pay the Secured Tax Claim may be eroding the value of the Bank's interest in the Property. Consequently, the Bank is not adequately protected with respect to the Property, and cause exists to modify the automatic stay.

### *The Debtor's Misuse of Cash Collateral Constitutes "Cause" for Relief from the Stay*

19. Section 363(c)(2) of the Bankruptcy Code provides as follows:

> The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
>
> > (A) each entity that has an interest in such cash collateral consents; or
> >
> > (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363.

20. The Debtor has only collected nominal Rent from EBRO Foods, effectively allowing EBRO Foods to use the Bank's "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.

6

Case 09-10104    Doc 61    Filed 08/18/09    Entered 08/31/09 11:59:45    Desc Main
            Document      Page 8 of 11

21.     The Court has not authorized the Debtor's use of cash collateral. Further, the Debtor has not obtained the Bank's consent to use the cash collateral. In fact, the Bank specifically notified the Debtor's counsel, by letter dated April 2, 2009, that the Bank does not consent to the Debtor's use of the cash collateral. A copy of the April 2, 2009 letter is attached hereto as <u>Exhibit D</u>. Therefore, the Debtor is not authorized to use cash collateral.

22.     The term "cause" as used in subsection 362(d) "has no clear definition and is determined on a case-by-case basis." *International Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991); *In re Comdisco, Inc.*, 271 B.R. 273, 276 (Bankr. N.D. Ill. 2002) (same). The automatic stay should be modified where "equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." *Fernstrom Storage*, 938 F.2d at 738.

23.     Although the Bankruptcy Code does not provide a specific remedy for violating section 363(c)(2), this Court has recognized its authority to issue any order to "carry out the provisions of the Code." *In re Telesphere Communications, Inc.*, 148 B.R. 525, 531-32 (Bankr. N.D. Ill. 1992) (applying section 105(a) of the Bankruptcy Code to remedy the debtor's violation of section 365(d)(3) of the Bankruptcy Code). In this Case, the Debtor's wrongful use of cash collateral, particularly to benefit a separate chapter 11 debtor, EBRO Foods, constitutes "cause" for relief from the automatic stay. *See In re Kleather*, 208 B.R. 406, 416-17 (Bankr. S.D. Ohio 1997) (noting that courts have crafted various remedies for the misuse of cash collateral; considering relief from the automatic stay as a remedy for such misuse, but deciding against such remedy because creditor had not demonstrated it was harmed by the wrongful use of cash collateral). The Debtor's treatment of the Rents has clearly harmed the Bank. Modification of the stay is an appropriate and necessary remedy in these circumstances.

CHICAGO\2675956.6
ID\MMSM - 074925/02099

24.  For the reasons set forth above, the Debtor's misuse of cash collateral constitutes "cause" within the meaning of section 362(d)(1). Therefore, the Court should modify the automatic stay to allow the Bank to foreclose on the Property.

## *Conversion or Dismissal of the Case*

25.  Section 1112(b) of the Bankruptcy Code provides as follows:

> [O]n request of a party in interest, and after notice and a hearing...the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112.

26.  As set forth above, the Debtor has been wrongfully using cash collateral in violation of section 362(c) of the Bankruptcy Code. Just as misuse of cash collateral can constitute "cause" for relief from the automatic stay, so too can it constitute "cause" for conversion or dismissal of the Case. *See In re Mr. Gatti's Inc.*, 164 B.R. 929, 943 (Bankr. W.D. Tex. 1994) (noting that the Bankruptcy Code provides remedies where a Debtor breaches a Bankruptcy Code obligation, including conversion or dismissal for a debtor's violation of the restriction on use of cash collateral).

27.  The Debtor's treatment of the Rents is evidence of the Debtor's lack of interest in operating within the rules of chapter 11[2]. The Debtor should not be allowed to enjoy the benefits of chapter 11 without honoring the accompanying responsibilities. The Debtor's behavior constitutes "cause" within the meaning of section 1112(b), and the Bank respectfully requests that the Court convert the Case to one under chapter 7 of the Bankruptcy Code.

---

[2] The Debtor's failure to file a summary of cash receipts and disbursements until June 30, 2009, more than three months after the petition date, is further evidence of the Debtor's unwillingness to conform to the rules and obligations of Chapter 11. *See 7 Collier on Bankruptcy* ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006) ("courts have found cause to exist [for relief from the automatic stay] as a result of the debtor's failure to file monthly operating reports or other essential financial documentation.")

CHICAGO\2675956.6
ID\MMSM - 074925/02099

28.     By filing this Motion, the Bank is not making an election of remedies and is not waiving any rights, including its status as a secured creditor, that the Bank has against the Debtor, EBRO Foods, or any other parties, under the Note, the Loan Documents, or any other document or applicable law.

## Notice

29.     Notice of this Motion has been delivered to (i) counsel for the Debtor, (ii) the Cook County Treasurer, (iii) SomerCor, (iv) the SBA, (v) the City of Chicago, (vi) counsel for the MWRD, (vii) all parties that have requested service of papers in the Case, (viii) all other parties known or believed to assert an interest in the Property, and (ix) the United States Trustee for this District. The Bank submits that, under the circumstances, no further notice need be given.

CHICAGO\2675956.6
ID\MMSM - 074925/02099

## Conclusion

WHEREFORE, the Bank requests that this Court enter (i) an order (a) modifying the automatic stay to allow the Bank to exercise its state-law remedies with respect to the Property, and (b) granting such other and further relief as is just and appropriate under the circumstances or, in the alternative, (ii) an order (a) converting the Case, and (b) granting such other and further relief as is just and appropriate under the circumstances.

Dated:  August 18, 2009

Respectfully submitted,

**BANK OF AMERICA**

By: /s/ Morgan M. Smith
ROBERT D. NACHMAN (#6185804)
MORGAN M. SMITH (# 6287435)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone:  (312) 876-1700
Facsimile:  (312) 876-1155
rnachman@dykema.com
mmsmith@dykema.com

10

CHICAGO\2675956.6
ID\MMSM - 074925/02099